**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Trevor and Stacia Armes, | ) | |
| | ) | |
| Plaintiffs, | ) | **ORDER GRANTING DEFENDANT'S** |
| | ) | **MOTION FOR PARTIAL** |
| vs. | ) | **SUMMARY JUDGMENT** |
| | ) | |
| Petro-Hunt, LLC, | ) | Case No. 4:10-cv-078 |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendant Petro-Hunt, LLC ("Petro-Hunt's") motion for partial summary judgment filed on January 27, 2012. See Docket No. 24. On February 20, 2012, the Plaintiffs filed a response in opposition to the motion. See Docket No. 29. On February 23, 2012, Petro-Hunt filed a reply brief. See Docket No. 31. For the reasons set forth below, the Court grants Petro-Hunt's motion.

**I.   BACKGROUND**

Petro-Hunt is an oil and gas exploration and production company. Petro-Hunt retained Sanjel USA as an independent contractor to perform hydraulic fracturing, or fracking, for one of its oil wells near Keene, North Dakota, on August 30, 2008. The process of fracking involves the pumping of material under high pressure into a well to fracture the formation where the well has been drilled in order to stimulate oil production. The plaintiff, Trevor Armes, worked for Sanjel USA, was present at the frack job for Petro-Hunt's well near Keene, and was injured when an explosion occurred on the job.

On October 22, 2010, Trevor Armes and his wife Stacia Armes ("the Armes") filed this action against Petro-Hunt. See Docket No. 1. The complaint alleges seven causes of action,

including: Count I - Premises Liability, Count II - Negligence, Count III - Retained Control, Count IV - Abnormally Dangerous Activity, Count V - Res Ipsa Loquitur, Count VIII - Special Relationship, and Count IX - Loss of Consortium. See Docket No. 1 (numbering in original).

On May 13, 2011, Petro-Hunt filed a motion for leave to file a third party complaint against Sanjel USA. See Docket No. 13. Petro-Hunt asserted that the Armes' complaint sought to hold it vicariously liable for Sanjel USA's wrongful conduct and that Petro-Hunt should be allowed to join Sanjel USA in this action. Magistrate Judge Charles S. Miller, Jr. issued a Report and Recommendation which recommended the Court deny the motion. See Docket No. 17. In the Report and Recommendation, Judge Miller reaffirmed an earlier order issued in Branum et al. v. Petro Hunt, LLC, Case No. 4:09-cv-035, a case arising from the same explosion and involving the same defendant and attorneys as this action. In Branum, Judge Miller recommended that this Court deny Petro-Hunt's identical motion for leave to file a third-party complaint against Sanjel USA because Petro-Hunt could not be held vicariously liable for its independent contractor's wrongful conduct, and therefore joinder would be futile. This Court adopted Judge Miller's recommendation in Branum, and denied Petro-Hunt's motion for leave to join Sanjel USA. The Court likewise adopted Judge Miller's recommendation in this case, and denied Petro-Hunt's motion to leave to file a third-party complaint against Sanjel USA. See Docket No. 19.

On January 27, 2012, Petro-Hunt filed a "Motion for Partial Summary Judgment" which argues that several claims should be dismissed as a matter of law. See Docket No. 24  In support of the motion, Petro-Hunt again relies on Judge Miller's Report and Recommendation from the Branum case. On February 20, 2012, the Armes filed a response in opposition, arguing that they

2

seek to hold Petro-Hunt liable only for its conduct, not Sanjel USA's, and that material issues of fact exist as to each claim which precludes summary judgment.  See Docket No. 29.

## II.     LEGAL DISCUSSION

Petro-Hunt contends summary judgment should be granted for the following causes of action set forth in the Armes' complaint:  Count I - Premises Liability, Count IV - Abnormally Dangerous Activity, Count V - Res Ipsa Loquitur, Count VIII - Special Relationship.

### A.     COUNT I - PREMISES LIABILITY

In the complaint, the Armes allege under Count I - Premises Liability that Petro-Hunt owned or had control over the worksite where Trevor Armes was injured, and that Petro-Hunt failed to make the worksite safe or failed to provide an adequate warning regarding obvious dangers on the worksite.  See Docket No. 1, pp. 5-6.  The Armes specifically state Petro-Hunt "should have anticipated the harm to Trevor Armes and therefore is liable as possessor of the land pursuant to Restatement (Second) of Torts § 343A and other applicable law."  See Docket No. 1, p. 6.

Restatement (Second) of Torts § 343A provides as follows:

> (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.
>
> (2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated.

Restatement (Second) of Torts § 343A.  Section 343A essentially stands for the general rule that people who are invited onto property assume the risk of obvious dangers, except when under the circumstances the possessor of the land should have anticipated harm to people entering the property despite the obvious nature of the danger.  Johanson v. Nash Finch Co., 216 N.W.2d 271, 277 (N.D. 1974).

Petro-Hunt contends the premises liability claim should be dismissed as a matter of law.  The North Dakota Supreme Court has adopted a rule that one who employs an independent contractor is generally not liable for acts or omissions of the independent contractor.  Fleck v. ANG Coal Gasification Co., 522 N.W.2d 445, 447 (N.D. 1994).  The North Dakota Supreme Court has also announced a clear policy against permitting employees of independents contractors to sue the employer for work-related injuries.  See Pechtl v.Conoco, Inc., 1997 ND 161, ¶ 22, 567 N.W.2d 813 (holding that employee of an independent contractor cannot sue the employer for a hazardous or dangerous jobsite); Fleck, 522 N.W.2d at 449-454 (holding an employee of an independent contractor cannot hold employer vicariously liable for inherent or peculiar dangers of the workplace)

In Pechtl, an employer hired an independent contractor for a job and the plaintiff was an employee of the independent contractor.  The plaintiff argued that the employer who hired the independent contractor retained exclusive control and possession of the worksite, that the worksite was hazardous or dangerous, and the hazardous worksite caused an injury to the plaintiff.  Pechtl,1997 ND 161, ¶ 20.  The plaintiff asserted that the employer had a duty to provide a safe worksite and could not shift that duty to the independent contractor.  The North Dakota Supreme Court disagreed, holding that an employee of an independent contractor could not bring a claim

4

against an employer for an injury allegedly caused by the employer's hazardous or dangerous worksite. Id. ¶ 22 (citing Fleck, 522 N.W.2d 445).

When applying state law, this Court is obligated to predict what North Dakota law is based upon "relevant state precedent, analogous decisions, considered dicta, . . . and any other reliable data." Bockelman v. MCI Worldcom, Inc., 403 F.3d 528, 531 (8th Cir. 2005) (quoting Bass v. Gen. Motors Corp., 150 F.3d 842, 846-47 (8th Cir. 1998)). Although Pechtl does not explicitly cite the Restatement (Second) of Torts § 343A, the North Dakota Supreme Court's opinion specifically addresses circumstances where an employee of an independent contractor sought to sue an employer for an injury allegedly caused by a hazardous or dangerous worksite. The North Dakota Supreme Court held that such an action is not viable. Based on Pechtl, the Court finds that the Armes' claim for premises liability against Petro-Hunt is not a viable claim in North Dakota. The Court grants Petro-Hunt's motion for summary judgment as to Count I - Premises Liability.

### B.      COUNT IV - ABNORMALLY DANGEROUS ACTIVITY

In the complaint, the Armes allege that Petro-Hunt "was engaged in an abnormally dangerous activity" and that it is strictly liable for Trevor Armes's injuries caused by those activities pursuant to the Restatement (Second) of Torts §§ 519 and 520. The Restatement (Second) of Torts §§ 519 and 520 provide as follows:

§ 519.  General Principle

(1) One who carries on an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm.

(2) This strict liability is limited to the kind of harm, the possibility of which makes the activity abnormally dangerous.

> § 520. Abnormally Dangerous Activities
>
> In determining whether an activity is abnormally dangerous, the following factors are to be considered:
>
>> (a) existence of a high degree of risk of some harm to the person, land or chattels of others;
>>
>> (b) likelihood that the harm that results from it will be great;
>>
>> (c) inability to eliminate the risk by the exercise of reasonable care;
>>
>> (d) extent to which the activity is not a matter of common usage;
>>
>> (e) inappropriateness of the activity to the place where it is carried on; and
>>
>> (f) extent to which its value to the community is outweighed by its dangerous attributes.

Restatement (Second) of Torts §§ 519, 520.

Petro-Hunt contends the Armes' claim for abnormally dangerous activity should be dismissed as a matter of law. Petro-Hunt relies on Judge Miller's Report and Recommendation in the Branum case in support of its arguments. As Judge Miller concluded, the North Dakota Supreme Court has yet to hold that strict liability for abnormally dangerous conditions is a viable cause of action in North Dakota. But see Wirth v. Mayrath Indus., Inc., 278 N.W.2d 789 (N.D. 1979) (implying that strict liability may apply given the right circumstances, stating "[w]e conclude that the provisions of Section 519 and 520 of the Restatement of Torts 2d are inapplicable to this case."). In addition, the North Dakota Supreme Court has adopted a rule that one who employs an independent contractor is generally not liable for acts or omissions of the independent contractor, and has announced a clear policy against permitting employees of independents contractors to sue the employer. Pechtl, 1997 ND 161, ¶ 22; Fleck, 522 N.W.2d at 449-454. Thus, even assuming for

the sake of argument that strict liability under Sections 519 and 520 is a viable claim, the North Dakota Supreme Court is likely to find that the Armes may not maintain a claim for abnormally dangerous activity against Petro-Hunt. The Armes have failed to present sufficient evidence to show there are genuine issues of material fact as to whether hydraulic fracturing is an abnormally dangerous activity. In addition, the North Dakota Supreme Court has yet to recognize a claim premised on abnormally dangerous activities. Accordingly, the Court grants Petro-Hunt's motion for summary judgment as to Count IV - Abnormally Dangerous Activity.

### C.  COUNT V - RES IPSA LOQUITUR

The Armes' complaint alleges Petro-Hunt's fault concerning Trevor Armes's injuries can be inferred under the doctrine of *res ipsa loquitur* in Count V. Under North Dakota law, *res ipsa loquitur* is an evidentiary rule that may provide an inference of negligence where no direct evidence exists related to what caused an accident. Robert v. Aircraft Inv. Co., Inc., 1998 ND 62, ¶ 7, 575 N.W.2d 672. However, *res ipsa loquitur* is not a substantive claim. Id. Nonetheless, no rule or statute prohibits the Armes from pleading negligence under alternative theories of proof, such as by direct evidence, circumstantial evidence, or for that matter a particular type of circumstantial evidence such as *res ipsa loquitur*. See Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."). The Armes have failed to demonstrate the existence of genuine material issues of fact as to whether *res ipsa loquitur*, as a separate and distinct claim, applies.

*Res ipsa loquitur* only applies when the plaintiff proves the following:

(1) the accident was one which does not ordinarily occur in the absence of negligence;

>   (2) the instrumentality which caused the plaintiff's injury was in the exclusive control of the defendant; and
>
>   (3) there was no voluntary action or contribution on the part of the plaintiff.

Robert, 1998 ND 62, ¶ 7.  The uncontroverted record shows that Petro-Hunt hired Sanjel USA as an independent contractor to conduct, at the very least, a portion of the August 30, 2008, frack job. The record at this stage reveals that Petro-Hunt did not have sole and exclusive control of the well, the instrumentality that allegedly caused Trevor Armes's injury.  As noted, *res ipsa loquitur* is not a substantive claim under North Dakota Law.  Instead, it is an evidentiary rule that may provide for an inference of negligence.  Petro-Hunt's motion for summary judgment is granted as to Count V - Res Ipsa Loquitur.

### D.     COUNT VIII - SPECIAL RELATIONSHIP

In the Armes' complaint, they allege in Count VIII - Special Relationship that Petro-Hunt "had a special relationship with Trevor Armes" by "exercising input and/or control over work of Sanjel USA Corporation and Trevor Armes" on the frack job.[1]  See Docket No. 1.  In their brief opposing Petro-Hunt's motion for summary judgment, the Armes contend the claim is based on the Restatement (Second) of Torts § 314A.  The Restatement (Second) of Torts § 314A provides as follows:

---

[1] The Armes' special relationship claim appears to be in essence a claim of retained control which is already alleged in their complaint at Count III - Retained Control.  The Armes' special relationship claim specifically alleges that Petro-Hunt established the special relationship by "exercising input and/or control over the work of Sanjel Corporation and Trevor Armes in a job. . . ."  The North Dakota Supreme Court has recognized causes of action for retained control pursuant to the Restatement (Second) of Torts § 414, which establishes an exception to the general rules stated in the preceding paragraph for circumstances where an employer negligently exercises retained control over the independent contractor's work.  Fleck, 522 N.W.2d at 447-48.  Petro-Hunt does not seek summary judgment of the Armes' retained control claim.

>(1) A common carrier is under a duty to its passengers to take reasonable action
>
>>(a) to protect them against unreasonable risk of physical harm, and
>>
>>(b) to give them first aid after it knows or has reason to know that they are ill or injured, and to care for them until they can be cared for by others.
>
>(2) An innkeeper is under a similar duty to his guests.
>
>(3) A possessor of land who holds it open to the public is under a similar duty to members of the public who enter in response to his invitation.
>
>(4) One who is required by law to take or who voluntarily takes the custody of another under circumstances such as to deprive the other of his normal opportunities for protection is under similar duty to the other.

Restatement (Second) of Torts § 314A.  The Armes rely on subsection (4), specifically the portion stating that one who "voluntarily takes the custody of another" has a similar duty of a common carrier as described in subsection (1).

The Armes do not cite any case law that applies special relationship liability under Section 314A for employers of independent contractors, nor have they cited any relevant case law to support an exception to North Dakota's general prohibition of holding an employer liable to an independent contractor's employee for workplace injuries based on the existence of a special relationship.  The Court finds that the Armes' claim of special relationship is not a viable claim under North Dakota law.  The Court grants Petro-Hunt's motion for summary judgment as to Count VIII - Special Relationship.

### III.    CONCLUSION

The Court has carefully reviewed the entire record, relevant case law, and the parties' arguments.  The Court finds that Petro-Hunt has demonstrated that no genuine issues of material fact

exist as to several causes of action in the Armes' complaint, and that Petro-Hunt is entitled to judgment as a matter of law as to Counts I, IV, V, and VIII of the complaint. Accordingly, the Court **GRANTS** Petro-Hunt's motion for partial summary judgment (Docket No. 24).

**IT IS SO ORDERED**.

Dated this 27th day of April, 2012.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court